﻿Citation Nr: AXXXXXXXX
Decision Date: 06/29/20 Archive Date: 06/29/20

DOCKET NO. 190816-40539
DATE: June 29, 2020

ISSUE

Entitlement to total disability based on individual unemployability due to service-connected disabilities (TDIU).

ORDER

Entitlement to total disability based on individual unemployability due to service-connected disabilities (TDIU) is moot.

FINDING OF FACT

The Veteran is in receipt of a 100 percent schedular rating post-traumatic stress disorder with sleep disturbance and unspecified neurocognitive disorder effective July 2017, and special monthly compensation (SMC) at the S-1 rate for additional service-connected disabilities independently ratable as 60 percent or more.

CONCLUSION OF LAW

The issue of entitlement to total disability based on individual unemployability due to service-connected disabilities is moot. 38 U.S.C. § 7105; Bradley v. Peake, 22 Vet. App. 280 (2008).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Marine Corps from March 1964 to March 1968. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2017 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

Following the October 2017 rating decision, the Veteran filed a timely Notice of Disagreement (NOD) in December 2017. The Veteran was issued a Statement of the Case (SOC) in June 2019. In August 2019 the Veteran opted into AMA by filing a VA Form 10-182 NOD. The Veteran’s opt-in to AMA removed his TDIU claim from the Legacy system, and the Veteran selected the Evidence Submission lane, and review by a Veterans Law Judge. 38 C.F.R. § 19.2(d).

Entitlement to total disability based on individual unemployability due to service-connected disabilities (TDIU).

The Veteran has claimed that he is unable to work due to his service-connected disabilities.

By way of background, the Veteran submitted an intent to file a claim, received by VA on July 9, 2015. Prior to that date, the Veteran was not service connected for any disabilities. A rating decision from July 2016 granted entitlement to service connection for PTSD at 70 percent; diabetes type 2 with erectile dysfunction at 20 percent; Parkinson’s disease with bradykinesia at 30 percent; tremors of the bilateral upper extremities at separate 20 percent ratings; tremors of the bilateral lower extremities at separate 10 percent ratings; loss fo sense of smell at 10 percent; difficulty chewing/swallowing at 10 percent; urinary problems at 20 percent; constipation at a noncompensable rating; special monthly compensation (SMC) based on loss of use of creative organ; and eligibility to dependent’s educational assistance.

Following that, a rating decision from February 2018 increased the disability rating for PTSD to 100 percent effective July 26, 2017; granted service connection for loss of sense of taste at a noncompensable rating; and granted entitlement to SMC based on housebound criteria from July 26, 2017. 

An April 2018 rating decision then changed the effective date for all disabilities, aside from PTSD, to July 9, 2015, the date the VA received the Veteran’s intent to file.

The Veteran has been in receipt of a 100 percent schedular rating from the date that VA received his intent to file on July 9, 2015. He is also currently in receipt of SMC for his service-connected disabilities, aside from the 100 percent PTSD rating, as they are independently ratable at 60 percent or more.

Importantly, the U.S. Court of Appeals for Veteran's Claims (Court) held in Bradley v. Peake, 22 Vet. App. 280 (2008), that there could be a situation where a veteran has a schedular total rating for a particular service-connected disability, and could establish a TDIU rating for another service-connected disability in order to qualify for SMC under 38 U.S.C. § 1114 (s) by having an "additional" disability of 60 percent or more ("housebound" rate). See 38 U.S.C. § 1114 (s). Thus, Bradley made it such that even with the assignment of a total schedular rating, the issue of TDIU was potentially not moot.

The Board concludes that the facts of Bradley are sufficiently differentiable from the facts of this case such that the holding in Bradley is inapplicable and the Veteran's TDIU claim is in fact moot. 

Specifically, the Veteran has already been granted an award of SMC based on additional service-connected disabilities independently ratable at 60 percent or more. As the Veteran has already been awarded SMC and therefore would have no need to establish a TDIU rating in order to qualify for SMC under 38 U.S.C. § 1114 (s), the holding in Bradley is not applicable in this case.

Neither the Veteran nor his Attorney have raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

Therefore, the Veteran's TDIU claim is moot. In the event that his total schedular rating is reduced due to improvement, he would potentially be eligible to establish a TDIU.

 

 

Michael A. Pappas

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Mulrain, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.